## THOMAS FORD *versus* DAVID KEITH.

An action for money had and received will not lie for a surety who has paid the debt of his principal; one for money laid out and expended will. A surety may recover of his principal, although the money was paid for him upon a usurious contract made by the principal, and which *he* might have avoided.

THIS was an action of *indebitatus assumpsit* for money had and received; to which the defendant pleaded the general issue.

*B. Whitman*, for the plaintiff, stated that the defendant, *David Keith*, having occasion to borrow money, had authorized one *George Keith, Jun.* to procure it for him upon such terms as he, the agent, thought proper; and to sign notes, &c., for the said *David*, for the payment of any moneys so procured; that *George Keith* had accordingly borrowed of one *Winslow* a sum of money for the defendant, and had executed a negotiable promissory note for the payment thereof, which was signed by the said *George* for the defendant, and also by the plaintiff and one *Samuel Jones* and the said *George Keith*; that *Winslow* negotiated the note to one *Palmer*, who demanded the contents of the *present plaintiff, [ * **140** ] which the plaintiff paid to *Palmer*, and had brought this action against the defendant, the real debtor, to recover the amount. The counsel further stated that he supposed it would be proved, and therefore he would concede, that the money was loaned upon a usurious contract; but as *Ford*, the plaintiff, had no knowledge of that fact at the time he signed the note, nor at the time he paid the contents of it to the endorsee, it could be no objection to his recovering against the defendant.

*Parsons*, for the defendant, said that, according to the statement made by the counsel for the plaintiff, he was not entitled to recover in the present form of action; that the declaration should have been for money laid out and expended. And the Court being clearly of the same opinion, the plaintiff had leave to amend on the common rule. The counsel for the plaintiff immediately added to the declaration a count for money laid out and expended. And now the defendant's counsel objected to the plaintiff's proving any part of his case, because it appeared from his own statement that the money was paid upon a void contract. But the Court admitted the evidence. It was proved that *George Keith* had a general authority to make contracts for the defendant, and that, at the time this money was borrowed of *Winslow*, the defendant had told the agent to hire money at *any rate* he thought proper; his, the defendant's necessity for it being then so pressing that money must be had, cost what it

might: it was also proved that the agent had hired the money of *Winslow*, and for which the note was given, upon a usurious contract, made with him by the agent; but there was no evidence that the plaintiff knew, at the time of making the note, of the corrupt agreement; but it was testified that, previous to the time of his paying the note to *Palmer*, the agent, *George Keith*, [ * 141 ] had * informed the plaintiff that the contract was usurious.

The defendant's counsel made two points in defence. First, that the agent had no authority to bind his principal in an illegal contract; and secondly, that, the contract being utterly void, neither the principal nor sureties being bound to pay the contents of the note, the defendant, by *voluntarily* paying money upon a void contract, could not compel the principal to refund; it could not be money paid to the use of the principal, especially as the surety, previous to the payment of the money, had notice that the contract was usurious.

*Whitman*, in reply, said that it appeared from the evidence that the defendant *did in fact* authorize *George Keith* to hire money at any rate he thought proper, and although the defendant, if he had thought proper, *might* have disputed the payment of the note, yet he was not *obliged* to do it; nor did he, till the plaintiff brought the present action, find fault with the conduct of the agent in procuring the money and executing the note to *Winslow*. It is not pretended that the plaintiff had knowledge that the contract was usurious at the time he signed the note as surety. With respect to his after-knowledge, how does that appear? *George Keith*, it is true, informed the plaintiff that the contract was usurious; but was he bound to believe this, or to inquire as to the truth of the information? He was called upon to pay the contents of the note, against which he had no certain knowledge of his own of any legal objection. Must he refuse and stand a lawsuit merely because one of the sureties had told him that the note was void? Even if he knew that the contract was usurious, it does not lie with the defendant to say that the plaintiff shall not recover the sum which was paid upon a note executed for the defendant, and at his request.

[ * 142 ]    * STRONG, J., who charged the jury, (after stating the case and the points in defence,) said that, as to the authority of *George Keith* to make a usurious or illegal contract, it was in evidence that he had a general authority to make contracts for his principal; and he thought it ought to be presumed that the agent made the contract which the principal intended; but whether it be so or not, shall the defendant say, as a defence to the present action, that he did not authorize his agent to make such a contract? He

FORD vs. KEITH.

thought not. Then as to the notice to the plaintiff, subsequent to the contract, and before he paid the contents of the note ; what is the defence ? The defendant says, " It is true the money was borrowed for me. I received it, and had the benefit of it. I requested you to become my surety and sign the note, and you have paid the contents ; yet, as I had a legal right to avoid the note, you shall not recover of me." Will the law permit the defendant to get rid of the present action on such grounds ? He presumed it would not. No man is *bound* to take advantage of a penal law, and avoid a contract which he ought in equity to perform. The plaintiff was under no obligation to dispute the payment of the note which he had given ; and nothing could have excused the defendant but his giving express notice to the plaintiff, that he (the defendant) himself did not mean to pay the contents of the note, and forbidding the plaintiff to do it ; and this, he said, was the opinion of a majority of the Court.

The jury found for the plaintiff.

(*Strong, Sedgwick, Sewall,* and *Thacher,* justices, present.)